UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN RODRIGUEZ, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>COMMONWEALTH, )<br>    Respondent. )<br>) | CIVIL ACTION<br>NO. 04-10861-GAO |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

The Commonwealth of Massachusetts, here, the respondent, submits this memorandum in support of its motion to dismiss, with prejudice, Edwin Rodriguez's habeas corpus petition. As grounds, the respondent states that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). In light of the application of § 2244(d)(1), the respondent does not address the merits of the petition or raise his remaining defenses.[1]

### PRIOR PROCEEDINGS

On March 8, 1995, an Essex County grand jury returned indictments charging the petitioner with first-degree murder (Mass. G.L. c. 265, § 1) (No. ESCR 1995-00638), and armed assault in a dwelling (Mass. G.L. c. 265, § 18A) (No. ESCR 1995-00639). [See Supplemental Appendix ("S.A.") 1, 11]. The Commonwealth tried the petitioner for these crimes before Judge Welch and a jury from September 16, 1997 through September 22, 1997. [S.A. 5-6, 15-16]. The jury convicted the petitioner as charged on September 22, 1997, and Judge Welch sentenced him

---

[1] Should the Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petition or file a supplemental memorandum addressing any additional affirmative defenses.

2

to the statutorily-mandated term of life imprisonment without the possibility of parole for the murder conviction, and a committed, concurrent State prison term of ten-to-fifteen years for the armed assault in a dwelling conviction. [S.A. 6, 16]. *See* Mass. G.L. c. 265, § 2.

All Massachusetts first-degree murder convictions are reviewed directly by the Supreme Judicial Court. Mass. G.L. c. 278, § 33E. That court reviewed, and ultimately affirmed the petitioner's convictions on June 22, 2000. *See Commonwealth v. Rodriguez*, 431 Mass. 804, 731 N.E.2d 71 (2000). Subsequently, the petitioner filed his first motion for a new trial in the Essex Superior Court, *see* Mass. R. Crim. P. 30(b), on December 29, 2000. [S.A. 9]. The trial judge denied the motion on January 8, 2001. [S.A. 9]. The petitioner moved to amend the motion on April 9, 2001. [S.A. 9]. In his endorsement denying the motion, the trial judge advised the petitioner that he could file a second motion for a new trial that set forth a new ground that had not been waived. [S.A. 9].

Over a year later, on May 2, 2002, the petitioner filed his second motion for a new trial. [S.A. 9]. The trial judge denied this motion as well, on grounds of waiver and lack of evidence supporting the claim. [S.A. 9-10]. The petitioner's subsequent petition for leave to appeal the denial of this motion was denied by a single justice of the Supreme Judicial Court for Suffolk County. [S.A. 18-19]. The petitioner took no further action until April 29, 2004, when he filed the petition now before this Court.

**ARGUMENT**

"AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period for federal habeas petitions filed by state prisoners." *David v. Hall*, 318 F.3d 343, 344 (1st Cir.),

3

*cert. denied*, ___ U.S. ___, 124 S. Ct. 66 (2003). In the absence of a statutory exception,[2] "AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking it." *Id.* at 344 (citing 28 U.S.C. § 2244(d)(1)(A)). Excludable periods include "'[t]he time during which a properly filed application for State post-conviction or other collateral review is pending. . . .'" *Id.* (quoting 28 U.S.C. § 2244(d)(2)) (alterations in original).

In this case, the SJC affirmed the judgments of conviction on June 22, 2000. *See Commonwealth v. Rodriguez*, 431 Mass. 804, 731 N.E.2d 71 (2000). Once the ninety-day period for seeking *certiorari* expired on September 20, 2000, his conviction became final. *See Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA, state prisoners seeking habeas relief face a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

While the statute of limitations would ordinarily have expired on September 20, 2001, in this case, two events tolled the statute for a total of sixteen days. The first tolling period began on January 8, 2001, when the petitioner filed his first motion for a new trial. [S.A. 9]. *See David*, 318 F.3d at 344; 28 U.S.C. § 2244(d)(2). The limitations period began to run again on January 8, 2001, when the trial judge denied the motion. [S.A. 9].

Assuming, generously, that the petitioner's motion to amend his previously denied new trial motion constituted a properly filed application for State post-conviction or other collateral

---

[2] These exceptions exist in cases where the government impedes relief, the Supreme Court creates new constitutional rights, or newly discovered facts raise doubts about the conviction. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

review, the statute tolled again on April 9, 2001. [S.A. 9]. When the trial judge denied that motion on April 17, 2001, the statute began to run again. [S.A. 9]. It expired on October 8, 2001, after 365 days had elapsed.[3] The petitioner did not file for habeas relief in this Court until April 29, 2004. Consequently, his petition was well over two years late.[4] In light of the application of 28 U.S.C. § 2244(d)(1) to this case, the Court must dismiss the petition for writ of habeas corpus with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for writ of habeas corpus with prejudice.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2949

Dated: December 2, 2004

---

[3] For the Court's convenience, the respondent has included a chart describing the relevant procedural dates.

[4] While the filing of a motion for a new trial pursuant to Mass. R. Crim. P. 30(b) will ordinarily toll the statute, *see* 28 U.S.C. § 2244(d)(2), here the petitioner did not file his second rule 30 motion until May 2, 2002, 183 days after the statute had expired. *See, e.g., Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired).

5

## Certificate of Service

I hereby certify that a true copy of the above document was served on Edwin Rodriguez, W-63302, M.C.I. - Shirley, P.O. Box 8000, Shirley, MA 01464, by first class mail, postage prepaid, on December 2, 2004.

/s/ Daniel I. Smulow

## Notice of Filing with Clerk's Office

Notice is hereby given that the Respondents' Supplemental Appendix has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: December 2, 2004

## APPENDIX

**PERTINENT EVENTS AND THEIR AFFECTS ON THE STATUTE OF LIMITATIONS**

| Event | Date | Countable Days | Total Days |
|---|---|---|---|
| Petitioner Convicted | 09.22.1997 | 0 | 0 |
| Supreme Judicial Court Affirms Convictions | 06.22.2000 | 0 | 0 |
| Time to Seek *Certiorari* Expires | 09.20.2000 | 0 | 0 |
| Petitioner Files New Trial Motion | 12.29.2000 | 100 | 100 |
| New Trial Motion Denied | 01.08.2001 | 0 | 100 |
| Petitioner Moves to Amend New Trial Mot. | 04.09.2001 | 91 | 191 |
| Motion to Amend Denied | 04.17.2001 | 0 | 191 |
| **Statute of Limitations Expires** | **10.08.2001** | **174** | **365** |
| Petitioner Files Habeas Corpus Petition | 04.29.2004 | | Time Barred |