UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWIN RODRIGUEZ, Pro se,          CIVIL ACTION
    Petitioner,                   No. 04-10861-GAO

v.

COMMONWEALTH,
    Respondent.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISMISSAL OF ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS

The **Pro se** Petitioner, Edwin Rodriguez, submits this Memorandum in support of his instant motion for **reconsideration** of the dismissal of his original petition for habeas corpus by this Court regarding the respondents claim that the original petition was **time-barred** pursuant to 28 U.S.C. §2244(d)(1), as calculated by the time-limits supplied to the Court by the respondent. (S.A. 1)1/

### PRIOR PROCEEDINGS

On March 8, 1995, an Essex County Grand Jury indicted the Petitioner, Edwin rodriguez, for the murder of Nydia Vega, in violation of G.L. c. 265, §1 (indictment # 9577 CR 638) (S.A. 2), and for armed assault in a dwelling, in violation of G.L. c. 265, §18A (indictment # 9577 CR 639). (S.A. 3)

The trial by jury commenced on September 16, 1997 (Welch,J) presiding. On September 22, 1997, the jury found Petitioner

---

1/   The Supplemental Record Appendix is cited herein as (S.A.[page].

guilty of murder in the first-degree by deliberate premeditation and by extreme atrocity and cruelty, and guilty of armed assault in a dwelling. The Court sentenced the Petitioner to a mandatory life sentence without parole with respect to the first-degree murder conviction, and to a concurrent term of ten-to-fifteen years with respect to the armed assault in a dwelling conviction. (S.A. 4 & 5) (respectively)

    The Petitioner, through Court-appointed Counsel, filed a timely appeal on September 22, 1997. The appeal was denied by the Supreme Judicial Court and Appeal Court of Massachusetts on June 22, 2000. (See <u>Commonwealth v. Rodriquez</u>, 431 Mass. 804 (Mass. 2000 attached as Exh. 1) (Court Docket Entries are attached as S.A. 6 & 7) (respectively)

    On December 29, 2000, the Petitioner, by means of another prisoner,[2] submitted a Pro se Motion For New Trial citing Ineffective Assistance of Counsel. This motion was denied by the Court (Welch, J) on January 8, 2001. On April 9, 2001, the Petitioner sought leave to amend his previously filed Motion For New Trial. This Motion to Amend was also denied by the Court (Welch, J) on April 17, 2001, as having been previously ruled upon. The Court did, however, permit the Petitioner to file a second Motion For New Trial with the

---

[2]  Petitioner, because of his inability to communicate in English, must and did rely heavily upon the good intentions of other prisoners at S.B.C.C. to both assist and compose all post-conviction motions. The Commonwealth Department of Corrections does **not** supply bi-lingual assistance in the matters of law or submitting papers to the Court.

2

appropriate memorandum and affidavit in which the Petitioner could bring an issue before the Court that had not been raised previously or waived.

On May 2, 2002, the Petitioner filed a second Motion for New Trial with accompanying memorandum of law in support thereof. On May 7, 2002, the Court (Welch, J) denied that Motion citing that the issue of jury impanelment had been waived where it was not raised on direct appeal.

On April 29, 2003, the Petitioner filed a Motion for Leave To Further Appeal to the Supreme Judicial Court of Massachusetts (SJC-2003-0217). On June 5, 2003, the Petitioner filed for Leave To Appeal pursuant to G.L. c. 278, §33E (Gatekeeper), with accompanying memorandum of law in support thereof. Other filings on June 5, 2003 included Petitioner's Motion To Stay Proceedings, Motion For New Trial, Memorandum of Law in Support thereof, Affidavit in Support thereof, Motion For Leave to Amend or Supplement New Trial Motion, Motion For Appointment of Counsel, Affidavit in Support thereof, and Certificate of Service. (S.A. 8-9)

On February 9, 2004, the Commonwealth filed its opposition to Petitioner's "Gatekeeper" petition of Leave to Appeal. (S.A. 9) on February 26, 2004, the SJC denied the Petitioner's Motion For Leave to Appeal pursuant to G.C. c. 278, §33E (Cordy, J) (S.A. 9) On April 29, 2004, the Petitioner filed with this Honorable Court for Habeas Corpus Relief. The Court

denied the petition on July 29, 2005. (S.A. 10) The Petitioner now seeks **reconsideration** of that denial based on the following argument.

### ARGUMENT

### HISPANIC PETITIONER'S COUNSEL FAILED TO INFORM HIM EITHER DIRECTLY OR THROUGH COURT APPOINTED INTERPRETER OF HIS RIGHT TO FEDERAL HABEAS RELIEF OR THE TIME-LIMITS REGARDING THE FILING OF SAME

The Petitioner now seeks the Court's indulgence of its powers to **reconsider** the denial of his petition for Habeas relief. In the instant matter, the Petitioner claims that his Court-appointed Counsel never informed him of his right to habeas relief (federal) or the time limits for filing same, either directly or through an interpreter.

When addressing a Rule 60(b) motion seeking reconsideration of the dismissal of a habeas petition, under certain instances, a rule 60(b) motion must be treated as a second or successive habeas petition pursuant to 28 U.S.C. §2244(b). Dunlap v. Litscher, 301 F.3d 873, 875 (7th Cir. 2002). However, a Rule 60(b) motion is to be treated as a second or successive petition **only** when it 'conflicts with [the Antiterrorism and Effective Death Penalty Act (**AEDPA**)]. ID at 875, citing Sanders v. McCaughtry, 333 F.Supp.2d 797 (E.D.(Wis.)2004) ID at 798

The sixth Amendment guarantees that criminal defendants receive effective assistance of counsel "at all" stages of

4

proceedings against them [which must include any collateral attacks]. Strickland v. Washington, 466 U.S. 668 (1984) citing Cates v. Supt. Indiana Youth Center, 981 F.2d 949 (C.A. 7(Ind.) 1992) ID at 952 The Constitution also requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits' involved. So too should counsel be required to inform his client, as in the instant matter now before the Court, of his right of collateral attacks of his conviction up through and including his right to federal habeas relief and the time limits in which to file same. Compare: White v. Johnson, 180 F.3d 648, 652 (5th Cir. 1999) Here, in the instant case, the Petitioner was prejudiced by his Counsel's failure to fully inform him, either directly or through an interpreter, of his further right to Federal Writ of Habeas Corpus once the Petitioner had exhausted all of his state remedies, which resulted in the loss of the right to file his federal writ, which is to be considered a "stage of the proceedings. Compare: United States v. Camargo, 119 Fed.Appx. 670 (C.A. 5 (Tex.) 2005) ID at 671-672(Counsel advising client of his right to appeal and the time limits in which to do so). Also see and Compare: United States v. Gipson, 985 F.2d 212 (C.A. 5 (Tex.) 1993) ID at 214 - where the defendant in this citation claimed that his counsel's failure to inform him of the time period in which he had to file his appeal denied him effective assistance of counsel. In the

instant matter, the Petitioner contends that even though all of his previous claims have been exhausted in the state court, any petition filed with the U.S. District Court would summarily be barred by the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d).

The Petitioner contends that time limitations can be as crucial an element in a defendant's right to appeal as it is in submitting a petition for habeas relief. Compare: Lamb v. Estelle, 667 F.2d 492, 496 (5th Cir. 1992) "[A]n indigent defendant is denied Sixth Amendment effective assistance of counsel when his court appointed attorney fails to advise him of his right to appeal, and of the procedure and time limits involves". Compare: Gipson, supra, ID at 215  Surely, the same protections should hold true for an indigent petitioner filing a federal habeas. In Smith v. Murray, 477 U.S. 527, 533-34 (1986), the Court determined that a claim of ineffectiveness of counsel in a state collateral proceeding can constitute "cause". Compare: Simmons v. Lockhart, 915 F.2d 372, 376 (1990); Henderson v. Sargent, 926 F.2d 706 (1991)

Moreover, the Petitioner avers that the lack of Spanish-speaking paralegal personnel and Spanish-speaking law library inmate workers with legal resources have combined to severely impair the Petitioner's ability to file his petition for federal habeas relief in a timely manner, which may have violated the implicit guarantee of his rights under the Massachusetts Constitution, Declaration of Rights, Articles

1, 10, 11, & 12. Instead, the Petitioner had to rely solely on the assistance of untrained and sometimes ill-advising fellow inmates.

Where the state Court was aware that the Petitioner spoke virtually no English and was required to have an interpreter throughout the trial,[3] Counsel's inability to communicate directly with the Petitioner because of the language barrier in subsequent proceedings may have rendered both trial and appellate counsel's[4] assistance at all stages of the trial and subsequent appeal process as constitutionally ineffective under the STRICKLAND TEST.[5] See Granada v. United States, 51 F.3d 82, 85 (1995) citing Gallo-Vasques v. United States, 402 F.3d 793 (2005) ID at 799

Regardless of the Petitioner's likelihood of success, he was nevertheless entitled to be informed by his Court appointed Counsel of his right to federal habeas relief and the time limits that govern such a petition. Compare: Pires v. Commonwealth, 373 Mass. 829 (Mass. 1977) ID at 833 - where the defendant in Pires was not informed by his counsel of his rights to appeal or the time limits to do so.

---

3/  The Court appointed an English-Spanish interpreter for the Petitioner during trial pursuant to G.L. c. 221C, §§1,2
4/  Counsel during trial was Lawrence McGuire, and Counsel for the Appeal to the Higher Court was Eric Brandt
5/  Counsel after trial failed to request a copy of the trial transcripts to be transcribed in Spanish in order for the Petitioner to read and to perfect his own appeal.

## CONCLUSION

For the above cited reasons, the Petitioner prays that this Court will **reconsider** the dismissal of his petition, which was time-barred and GRANT him further relief.

Respectfully submitted,

Dated: Jan /25th, 2006

/s/Edwin Rodriguez, Pro se
c/o S.B.C.C.  PO Box 8000
Shirley, MA   01464

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January 2006, I presented true copies of the above document(s) by mailing same via first-class mail to the following address postage pre-paid: Essex County District attorney's Office, Museum Place, One East India Square, Salem, MA 01970

Edwin Rodriguez
Pro se

8